## J. CLEMENT BEGG *versus* GEORGE P. WHITTIER.

In *trover,* after default, the defendant is entitled to be heard in the assessment of damages by the Court, he having moved for a hearing before the final adjournment of the Court, and before judgment had been entered up.

After default in actions, where the amount of judgment depends upon mere calculation, the damages are determined by the clerk; although the theory of the law is, that this is done by the Court.

But, where the damages do not depend on calculation merely, a default admits only the liability of the defendant, not that the plaintiff has sustained the damages by him alleged.

*It seems,* that, for special reasons, the damages may be ascertained by a regular jury, if the plaintiff seasonably moves therefor; otherwise, he will be deemed to have waived any right to a jury, and then, the damages are to be determined by the Court.

At a hearing in damages, in open Court, either by a jury or by the Judge, if illegal testimony, (duly objected to,) be admitted, *it seems,* that exceptions will lie for that cause.

THIS action was TROVER. At the third term after entry, on the first call of the docket, the action was marked for trial. On the third day, the case was called up in its order, and, no one appearing for the defendant, (his counsel being temporarily absent from the State,) he was defaulted. On the 29th day of the term, the defendant's counsel appeared, and moved to have the default taken off, which motion was denied by DAVIS, J., presiding. He then moved that the defendant be heard in damages, and that such an entry be made upon the docket, which being refused, he filed exceptions.

*F. O. J. Smith* and *J. O'Donnell,* in support of the excep-
tions, cited *Hayden* v. *Bartlett,* 35 Maine, 203 ; Colby's Prac-
tice, 226. In an action of *trespass* the defendant has a right
to be heard in damages after default. *Crommett* v. *Pearson,*
18 Maine, 345. In an action of *tort,* the defendant may be
heard in damages if he moves for it. *Jarvis, in error,* v. *Blan-
chard,* 6 Mass., 4. After default, the defendant can have no
review, but the Court will grant relief in damages. *Perry*
v. *Goodwin,* 6 Mass., 498. In the case at bar, the damages
are unliquidated, and the Court have no data to ascertain the
amount without proof *aliunde.*

The opinion of the Court was drawn up by

APPLETON, J.—In the English practice, upon default, the
plaintiff is entitled, as of right, to a writ of inquiry, and an
assessment of damages by a jury, unless he consents that
they be assessed by a master or a prothonotary appointed by
the Court. *Blackmore* v. *Flemyng,* 7 T. R., 442. The de-
fendant, having suffered default, has no such election. He
has no right to a jury to assess damages. *Price* v. *Dearborn,*
34 N. H., 482.

In our practice, where the amount depends upon computa-
tion, the damages are determined by the clerk. The theory
of the law, however, is, that this is done by the Court. It is
therefore the duty of the Court, in cases of not mere computa-
tion, to give judgment for such damages as they shall find the
plaintiff has sustained, unless the plaintiff shall move to have a
jury to inquire into damages, in which case judgment is to be
entered for such damages as they shall assess. Howe's Prac-
tice, 226 ; *Crommett* v. *Pearson,* 18 Maine, 344. The default
merely admits the fact of liability as set forth in the declara-
tion, not the amount of damages alleged to have been sus-
tained. If the defendant be defaulted, the Court assess dam-
ages, unless, for special reasons, they order an inquiry by a
jury. *Bowman* v. *Noyes,* 12 N. H., 302 ; *Willson* v. *Willson,*
6 Foster, 240 ; *West* v. *Whitney,* 6 N. H., 314. If not done
by the Court, it may be done by one of the regular juries

at court. *Chase* v. *Lovering*, 7 Foster, 295. If not claimed by the plaintiff to be done by the jury at the time, the right to an assessment of damages by them is waived. The only question submitted to the jury is the amount of damages. It seems, too, that the Court may appoint a master, or assessor, to whom the assessment will be referred, and his report, being accepted, or adopted, by the Court, fixes the amount for which judgment is to be rendered. *Price* v. *Dearborn*, 34 N. H., 486.

Where, after a default, damages are assessed for the plaintiff, either by the jury or the Judge, in open Court, and the Judge admits illegal testimony, it seems, the party aggrieved may file exceptions to such admission and bring the question before the whole Court. *Storer* v. *White*, 7 Mass., 448.

*Exceptions sustained.*

*The defendant to be heard in damages before the Court.*

TENNEY, C. J., RICE, GOODENOW, DAVIS and KENT, JJ., concurred.